KING v. WHITELY AND OTHERS.

A. having mortgaged certain premises, conveyed them to B. who conveyed to the defendants. The last conveyance specified the mortgage, and described the premises "as subject to the mort- "gage which is taken as part of the consideration money, and " which the party of the second part agrees to pay and dis- "charge." B. had not become responsible for payment of the debt to A. but took the property subject to the mortgage. Held, that on a bill of foreclosure by the mortgagee, he had no right to a decree for any deficiency against the defendants.

The cases are of two classes—*first*, where the assumption of the debt is clear, but it is still to be decided whether the personal or real estate is the primary fund. *Next*, where the question is whether any assumption has been made. A covenant or clause like that in the present case is to be construed as personal to the immediate parties. There must be a contract with the mort- gagee to extend it to him. If the grantor had been liable to the mortgagor, so that the mortgagee could plainly reach him for a deficiency, the case would have been different.

*Mr. Blunt*, for complainant.                                    June 3. 12.

*Mr. Wallis*, for defendant.

THE ASSISTANT VICE-CHANCELLOR:—The only question in the cause is, whether the mortgagee can avail himself of the assumption of the mortgage debt by the grantee of a purchaser from the mortgagor. The mortgagor conveyed the premises to some person not designated, who conveyed to Wilkes. Wilkes conveyed to the defendant, and the property is described " as subject to the *mortgage* " *which is taken as part of the consideration money, and* " *which the defendant agrees to pay and discharge.*"

The decision in *Cumberland* v. *Coddington*, (3 *Johns. C. R.* 229,) and the authorities there cited, will furnish the rule to govern the present case. Except a case in 5 *Maddock's Reports*, (*Scott* v. *Beecher*, p. 96,) I have not found any thing of a subsequent date in point. In *Cumberland* v. *Coddington*, Chancellor Kent held, that where a party

took land subject to a mortgage, and covenanted to indemnify the grantor against the mortgage, upon his death the land was the primary fund to be resorted to, and the heir cannot throw the charge upon the personal assets. And even if the purchaser has made himself liable at law to the mortgagee, yet the land is ordinarily first liable. There must be clear proof of an intention to subject the personal estate.

There is a distinction to be noticed running through the great mass of cases cited by the chancellor. One class of the cases is where the assumption of the debt is undeniable, but it still remains to decide whether the land must first be resorted to. The other class is, where the question arises whether any assumption has been made. Chancellor Kent states that the cases all agree that no covenant with the mortgagor is sufficient to make the debt a personal one of the purchaser. There must be a direct communication and contract with the mortgagee.

I cannot distinguish the present case from that of *Tweddell* v. *Tweddell*, and *Butler* v. *Butler*, cited by the chancellor. But this case is even stronger against the alleged liability; for there is no covenant with the mortgagor, who was responsible for the debt; but only with a purchaser under him, as to whom it does not appear whether there was any covenant or liability. (See *Blymire* v. *Bristle*, 6 *Watts' Rep.* 183.)

It is, however, urged, that there is a liability at law, on the ground of a promise made to one person for the use of another. But it is to be noticed, that in such instances the party promising expressly engages to pay the amount or transfer the property to the party indicated. It is but the designation of a person for whose benefit the consideration shall avail, and the engagement be fulfilled. The party to whom the promise is made is not to receive the equivalent. But here the agreement admits of the construction, that it was exclusively for the benefit of the party with whom it is made. The sale subject to the mortgage, deducts so much from the estimated value or consideration money of the property, and the covenant to pay may well

be limited to an agreement to pay the grantor; which, of course, can only be enforced when he has been compelled to pay, or is judicially declared liable.  I am of opinion that there is no ground to charge these defendants for any deficiency.  As I stated at the hearing, the complainant had better file a notice of *lis pendens* under the late statute, before he takes his decree.